NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-3056
_____

V.I. DERIVATIVES, LLC, BY VIFX, LLC, ITS TAX MATTERS PARTNER,
BY RICHARD G. VENTO, ITS TAX MATTERS PARTNER,
Appellant

v.

DIRECTOR, VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

UNITED STATES OF AMERICA,
(Intervenor in District Court)

_____

No. 22-3057
_____

VIFX, LLC, BY RICHARD G. VENTO, ITS TAX MATTERS PARTNER,
Appellant

v.

DIRECTOR VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

UNITED STATES OF AMERICA
(Intervenor in District Court)

_____

On Appeal from the District Court
of the Virgin Islands

(District Court Nos. 3-06-cv-00004 and 3-06-cv-00005)
Chief District Judge: The Honorable Juan R. Sanchez
_____

Argued May 22, 2023

Before: RESTREPO, McKEE, and SMITH, *Circuit Judges*

(Filed: June 22, 2023)

Joseph A. DiRuzzo, III
DiRuzzo & Company
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301

Joseph M. Erwin  [ARGUED]
Suite 700
100 Crescent Court
Dallas, TX 75201
        *Counsel for Appellants*

Pamela R. Tepper
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, VI 00802

James N. Mastracchio [ARGUED]
Winston & Strawn
1901 L Street NW
Washington, DC 20036
        *Counsel for Appellee*

Geoffrey J. Klimas
Jennifer M. Rubin [ARGUED]
Anthony T. Sheehan
United States Department of Justice
Tax Division

950 Pennsylvania Avenue NW
P.O. Box 502
Washington, DC 20044
    *Counsel for Intervenor*

———————————————

OPINION[*]

———————————————

SMITH, *Circuit Judge*.

This appeal presents the latest development in a long-running dispute between Appellants, V.I. Derivatives, LLC and VIFX, LLC, and various taxing entities. V.I. Derivatives, LLC, and VIFX, LLC (collectively, the LLCs), were created as part of a plan by Richard Vento and his family to avoid capital gains taxes on the $180 million realized from the 2001 sale of a technology company that he co-founded. In 2005, the LLCs received Notices of Final Partnership Administrative Adjustments (FPAAs) issued by the Virgin Islands Bureau of Internal Revenue (VIBIR) and the United States Internal Revenue Service (IRS), respectively. The FPAAs advised that the VIBIR and the IRS had determined that the LLCs were a "sham" and that "all transactions engaged in by [the LLCs would be] treated as engaged in by its purported members and/or other persons receiving flow through gains or losses from it." JA154, A177. The LLCs petitioned for readjustment of the partnership items under 26 U.S.C. § 6226, and this litigation ensued.

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

This matter first came before us in 2013 on appeal from the District Court's threshold determination of the Ventos' residency.[1] There, we held that Richard Vento and his wife Lana Vento were residents of the Virgin Islands in 2001 but affirmed the District Court's finding that the Ventos' daughters were not bona fide residents. *Vento v. Dir. of V.I. Bureau of Internal Revenue* ("*Vento I*"), 715 F.3d 455, 477, 479 (3d Cir. 2013). The LLCs, which were "treated as partnerships for tax purposes," *id.* at 459 n.2, and "pass-through entities," did "not have residencies separate from their owners," *id.* at 479 n. 22.

After we remanded, the LLCs moved to dismiss their own petitions for lack of subject matter jurisdiction. The District Court denied the LLCs' motion, explaining that *Vento I* had resulted in a final judgment and that res judicata thus barred the LLCs' argument. The LLCs appealed the District Court's order as to the IRS—but *not* as to the VIBIR—and we affirmed. *See V.I. Derivatives LLC v. United States* ("*Vento II*"), 671 Fed. App'x 839 (3d Cir. 2016).

After a period of inactivity, the VIBIR moved for summary judgment in 2021 on the merits of the LLCs' tax liability. Citing *Vento II*, the LLCs argued that *Vento I* constituted a final judgment that precluded the District Court from acting on the VIBIR's summary judgment motion. In addition, the LLCs asserted that various equitable

---

[1] "[B]ona fide Virgin Islands residents who fully report their income and satisfy their obligations to the VIBIR do not pay taxes to the IRS." *Vento v. Dir. of V.I. Bureau of Internal Revenue*, 715 F.3d 455, 465 (3d Cir. 2013).

doctrines also warranted denial of the summary judgment motion. The District Court granted summary judgment in the VIBIR's favor. The LLCs appealed for the third time.[2]

## II.

We are not persuaded by any of the LLCs' arguments. The LLCs contend that the District Court erred because the cases were "final and long closed." Pet'rs' Br. 45. But a review of the docket shows that no final judgment had been entered in the VIBIR cases until summary judgment was granted in September of 2022. In *Vento I*, we reversed the District Court's finding that Richard and Lana Vento were not bona fide residents of the Virgin Islands and, consequently, neither were the LLCs. *Vento I*. 715 F.3d at 479 & n.22. After our remand in *Vento I*, there were no final judgments as to Richard, Lana, and the LLCs because the question of tax liability owed to the VIBIR still had to be resolved. Additionally, *Vento II* did not establish that *Vento I* constituted a final judgment in these matters. *Vento II* addressed finality *only* as to the IRS cases because the LLCs did not appeal the denial of their motion to dismiss in the VIBIR cases. Any suggestion in *Vento II* that the VIBIR cases were final was, at most, dicta.

Finally, the LLCs assert that the equitable doctrines of laches, repose, and judicial estoppel preclude the VIBIR's summary judgment motion. We do not agree. The LLCs forfeited any judicial estoppel argument by failing to raise it in the District Court and we

---

[2] The District Court appropriately exercised jurisdiction under 48 U.S.C. § 1612(a) and 26 U.S.C. § 6226(a)-(b), (f) (2006). *See United States v. Woods*, 571 U.S. 31, 39 (2013). We have jurisdiction under 28 U.S.C. § 1291. Because the District Court had jurisdiction under 26 U.S.C. § 6226(f), we need not reach the LLCs' arguments about 26 U.S.C. § 6233 (2012). We review *de novo* a district court's grant of summary judgment. *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121, 125 (3d Cir. 2022).

see no "exceptional circumstances" that would warrant hearing the argument. *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017). The doctrine of repose does not apply inasmuch as the VIBIR cases were not final. *See Cox v. Horn*, 757 F.3d 113, 125 (3d Cir. 2014). Because laches is a defense to an "inexcusable delay in instituting suit" and requires a showing of prejudice, that doctrine does not aid the LLCs either. *Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc.*, 85 F.3d 1098, 1108 (3d Cir. 1996).

We therefore will affirm the District Court's grant of summary judgment.